IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2004 OCT 12  A .: 25

| | | |
|---|---|---|
| J. MICHAEL CONAWAY, individually and d/b/a J. MICHAEL CONAWAY, ATTORNEY AT LAW | * * * * | |
| Plaintiff, | * * | |
| vs. | * * | CASE NO. 1:04 CV 925-VPM |
| VERIZON GLOBAL NETWORKS INC.; VERIZON DIRECTORIES CORP.; et al., | * * * | |
| Defendants. | * | |

## ANSWER TO COMPLAINT

COME NOW the defendants, **VERIZON GLOBAL NETWORKS INC. and VERIZON DIRECTORIES CORP. (hereinafter "Verizon"),** who answer the plaintiff's Complaint as follows:

1.    Verizon does not have sufficient information to admit or deny the averments of paragraph 1.

2.    Verizon admits that Verizon Global Networks Inc. is a Delaware Corporation.

3.    Verizon admits that Verizon Directories Corp. is a Delaware Corporation.

4.    This paragraph does not require a response by Verizon.

5.    This paragraph does not require a response by Verizon.

6.    Verizon denies the averments in paragraph 6 in part.  Verizon South Inc. was the local telephone service provider for Houston County, Alabama and the surrounding areas

prior to the sale of Verizon's wireline properties in Alabama to CenturyTel. Verizon Global Networks Inc. provides business and IT solutions, and it is believed that this entity did not have any involvement in this matter.

7.     Verizon admits in reference to paragraph 7 that Verizon Directories Corp. published and distributed an annual telephone directory in Dothan, Alabama that contained white page listings for business and residential customers and yellow page business listings.

8.     Verizon admits in reference to paragraph 8 that Verizon Directories Corp. published and distributed an annual telephone directory in Dothan, Alabama that contained white page listings for business and residential customers and yellow page business listings.

9.     Verizon Directories Corp. admits in reference to paragraph 9 that it chose to continue to publish and distribute a telephone directory in Dothan, Alabama, although not required to do so by the Public Service Commission.

10.     Verizon Directories Corp. admits in reference to paragraph 10 that the plaintiff's listings were published correctly in the June 2000 and 2001 Dothan, Alabama directories and were not published in the June 2002 directories, as the plaintiff's telephone service provider, ITC DeltaCom, provided a disconnect service order to Verizon Directories Corp. to remove the listings.

11.     Verizon denies the averments in paragraph 11. The plaintiff reported the error to Verizon's customer service department on July 2, 2002, and was instructed by Verizon's customer service representative to contact his telephone service provider and correct the

spelling of his last name and address since Verizon's records indicated his home address as his business address, and his last name was spelled as Conway, rather than Conaway.

12.     Verizon denies the averments in paragraph 12, in part.  The listings published in the white pages of the June 2003 Dothan, Alabama directory were provided to Verizon Directories Corp. by plaintiff's telephone service provider, ITC DeltaCom.

13.     Verizon denies the averments in paragraph 13, in part.  Verizon Directories Corp.'s records indicate that the plaintiff only called once, on July 2, 2002, to complain or report an error.

14.     In reference to paragraph 14, Verizon denies making any "reassurances." Verizon Directories Corp. publishes listing information as it is provided to Verizon by the telephone companies.

15.     This paragraph does not require a response by Verizon.

16.     Verizon does not have sufficient information to admit or deny the averments of paragraph 16.

17.     Verizon denies the averments of paragraph 17.

18.     Verizon denies the averments of paragraph 18.

19.     Verizon denies the averments of paragraph 19.

20.     Verizon denies the averments of paragraph 20.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Verizon denies that any of its conduct proximately caused the harm alleged in the Complaint.

### THIRD DEFENSE

Verizon admits that it published some of the advertising directories referenced in the plaintiff's Complaint, but denies that it was negligent, wanton and/or willful as alleged in the Complaint. Verizon denies these allegations and demands strict proof thereof in accordance with applicable law.

### FOURTH DEFENSE

Verizon denies that it is liable to the plaintiff for the damages sought in the Complaint for the conduct of any employee.

### FIFTH DEFENSE

These defendants plead not guilty.

### SIXTH DEFENSE

These defendants plead the general issue.

B0432366                                4

## SEVENTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to ALA. CODE § 6-11-27, and therefore any claim for such damages is barred.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code §6-11-20, and therefore any claim for such damages is barred.

## NINTH DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in §§6-11-20 and 6-11-21, Code of Ala. 1975. The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial fiat. See Honda Motor Co. Ltd. v. Oberg, No. 93-644, n.9 (U.S.Sup.Ct. June 24, 1994) (1994 W.L. 276687) (U.S.Or.).

## TENTH DEFENSE

To the extent that the plaintiff asserts a claim as to any matters that are barred by the applicable statute of limitations, these defendants plead the statute of limitations as an affirmative defense.

## ELEVENTH DEFENSE

An award of punitive damages in this case against these defendants would be unconstitutional for the punitive damages awards are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama.

## TWELFTH DEFENSE

The plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

## THIRTEENTH DEFENSE

The plaintiff's demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the plaintiff's claim for punitive damages is a claim that is penal in nature, entitling the defendants to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

## FOURTEENTH DEFENSE

The plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal

in nature while the defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

### FIFTEENTH DEFENSE

The plaintiff's demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### SIXTEENTH DEFENSE

The plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the plaintiff is less than the 'beyond a reasonable doubt' standard required in criminal cases.

### SEVENTEENTH DEFENSE

The plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

### EIGHTEENTH DEFENSE

The plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6, that no person shall be deprived of life, liberty or property

except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the plaintiff which is less than the 'beyond a reasonable doubt' burden of proof required in a criminal case.

## NINETEENTH DEFENSE

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

## TWENTIETH DEFENSE

The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

## TWENTY-FIRST DEFENSE

Punitive damages are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages against this defendant is violative of this defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States for the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon this defendant in an amount based, at least in part, upon the conduct of a co-defendant.

## TWENTY-THIRD DEFENSE

Plaintiff's claims to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates defendant's rights to due process as guaranteed by the United States Constitution.

c.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the defendant's due process rights.

e.      Plaintiff's claim for punitive damages against this defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the defendant's due process rights.

g.      Plaintiff's claims for punitive damages against this defendant cannot be sustained because any award of punitive damages under Alabama law would violate the defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.      Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this defendant of due process of law.

I.      Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause this defendant to be treated differently from other similarly situated persons/entities by subjecting this defendant to liability beyond the actual loss, if any, caused by defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.      Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject the defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based

on the respective enormity of their alleged misconduct, in violation of defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.      Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose this defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by defendant's conduct, creating a chilling effect on defendant's exercise of its right to a judicial resolution of this dispute.

l.      Plaintiff is not entitled to recover punitive damages because it violates the self incrimination clause of the Fifth Amendment to the United States Constitution to impose against this defendant punitive damages, which are penal in nature, yet compel this defendant to disclose potentially incriminating documents and evidence.

m.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.      The procedures pursuant to which punitive damages are awarded subject this defendant to punishment under a law not fully established before the alleged offense.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive

damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

    a.     It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

    b.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of this defendant's due process rights guaranteed by the Alabama Constitution.

    c.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this defendant of due process of law in violation of the Alabama Constitution.

    d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive this defendant of due process of law in violation of the Alabama Constitution.

    e.     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

    f.     The procedures pursuant to which punitive damages are awarded cause this defendant to be treated differently from other similarly situated persons and/or entities by subjecting this defendant to liability beyond the actual loss, if any, caused by this defendant's

conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this defendant its rights of equal protection and due process.

h.     The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of this defendant's due process rights.

I.     The procedures pursuant to which punitive damages are awarded subject this defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

j.     It is a violation of the Alabama Constitution to impose punitive damages against this defendant, which are penal in nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

k.     The procedures pursuant to which punitive damages are awarded subject defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of defendant's due process rights and Article I, § § 1, 6, 13 and 22 of the Alabama Constitution.

B0432366                                      14

l.     The procedures pursuant to which punitive damages are awarded expose this defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by defendant's conduct, creating a chilling effect on defendant's exercise of its right to a judicial resolution of this dispute.

m.     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.     Plaintiff's claim for punitive damages against this defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.     Plaintiff's claims for punitive damages against this defendant cannot be sustained because any award of punitive damages under Alabama law would violate this defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to

15

the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## TWENTY-FIFTH DEFENSE

Punitive damages are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

## TWENTY-SIXTH DEFENSE

Verizon obtains its listings from the telephone service providers, including the plaintiff's CLEC, ITC DeltaCom. The listings were published correctly when the plaintiff was with Verizon South Inc. The service order that came from the CLEC to install the listings spelled the plaintiff's name incorrectly as Conway and provided the residence address rather than the plaintiff's business address.

Joseph S. Miller, MIL067
Attorney for Defendants

OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

B0432366

16

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the 8th day of October, 2004.

OF COUNSEL

cc:

M. Adam Jones, Esquire
HALL, SMITH & JONES
360 North Oates Street
Post Office Box 1748
Dothan, AL 36302

Troy King, Esquire
Attorney General
State of Alabama
600 Dexter Avenue
Montgomery, AL 36130

22103